Clement, Ch. J.
The plaintiff, Thomas Holmes, was run over on January 22, 1877, by one of defendant’s cars on Park avenue, in this city, and sustained severe injuries, and this action was brought to recover damages therefor. The testimony on the part of plaintiff tended to show that when he was near the southwest corner of Park avenue and Horth Oxford street at about seven o’clock in the evening •of that day, he was set upon and pursued by a larger boy, and that he ran across Park avenue behind a car of the Cross-town line and fell on the northerly track and was unable to rise, and that at the time he fell the heads of the horses of defendant’s car were twenty-five or thirty feet from him and that the driver was at the time inattentive to his duties.
On the part of the defendant there was the testimony of several witnesses tending to show that the plaintiff darted suddenly from behind the car of the Cross-town line and ran against the horses of the car by which he was run over; and also testimony showing that the driver was vigilant *744 and that there was no fault on his part. After a careful examination of the testimony, we think the motion for a dismissal of the complaint was properly denied, as the testimony was conflicting, and it was clearly the province of the jury to determine the disputed questions of fact.
We are therefore called upon to decide the questions of law presented in the record and two exceptions taken present the most serious question in the whole case, and were as follows:
Counsel for defendant—I take an exception to that part of your honor’s charge where you quote from a decision of the court of appeals as to the rule as to contributory negligence of infants. I except to that part of the charge where your honor says to the jury, “If you find that the plaintiff was guilty of contributory negligence within the decision I have referred to,” or words to that effect. I don’t profess to give—
The court—As qualified by the difference between the six years old child and the twelve years old child.
Mr. Morris—I do not profess to quote exactly; I except to that portion of the charge.
The authority which was quoted from in the charge and referred to in the above exception was Kunz v. City of Troy (104 N. Y., 344; 5 N. Y. State Rep., 642), and the learned judge, in his charge, had said as follows: “I will read to you from the opinion in a recent case in the court of appeals, in which they laid the rule—a case of negligence for the death of a child between five and six years of age. You will note, of course, that there is a very decided distinction between the age of that child and of this plaintiff here. The court of appeals say: “We understand the rule to be that, in an action for an injury founded on negligence,, contributory personal negligence cannot be attributed to a child of very tender years, who, from his age, cannot be supposed capable of exercising judgment or discretion, although the injury would not have happened without-his concurring act, and although that act, if committed by an adult, would be a negligent one. In such a case a defendant whose negligence was a constituent element of the transaction, and without which the injury would not have happened, is legally responsible, notwithstanding the negligence of the infant, unless it appears that the parents or guardians were negligent in permitting the child to be brought into the situation which subjected it to the hazard resulting in injury. There is an obligation in general upon all persons to conduct themselves with prudence and care, and not recklessly, or even incautiously, expose themselves to danger, even from negligent acts of others. The law exacts no impossibilities, and it does not require an infant, *745 before reaching the age of discretion, to exercise discretion.
That was the law, you will bear in mind, that was laid down with reference to a child between five and six years of age, and of course in applying those principles to the case of a child of the age of this plaintiff, you will necessarily, I assume, require from it a somewhat greater degree of care and caution, and give it the. possession of thinking powers of a somewhat higher order than a child of five or six years of age.”
Again, the court said, “was he free from what would constitute negligence in one of his age, as I have given you the definition of it from the cases.”
Also, “ if you find that he was negligent within the interpretation of it that I have given you as applicable to an infant of his age.” Also, “if you find that the infant Holmes was negligent within the definition that I have given you.”
We are of opinion that the quotation read from the case of Kunz v. City of Troy did not lay down a rule as to contributory negligence which was applicable to the facts of the present case. The law quoted referred to a case where the infant was non sui juris, and where contributory personal negligence could not be attributed, and where the question of negligence of the parents was material.
In the present case, the plaintiff was over 13 years of age at the time of the accident, and evidently a boy of the average intelligence of one of his years. The jurors were told four times that the law read to them had some application to the facts of the case, as appears from the above quotations from the charge.
We have set forth in detail the references in the charge to the case quoted, because the learned judge did lay down the proper rule on the question of contributory negligence at fol. 409, and on several of the requests to charge ; and while we think it was error to read the authority, there is also the question in the case whether the defendant was prejudiced by such error.
After a thorough consideration of the entire charge, we are of opinion that the jury may have been misled as to the law on the question of contributory negligence, by reason of the fact that they were told that they should apply the principles of the case which was read from by the trial judge. The exceptions at fol. 462 substantially referred to the portions of the charge before considered, and we think, for the reasons above set forth, that they were well taken, and it, therefore, becomes unnecessary to examine the other exceptions in the case.
*746 The judgment and order denying new trial must be reversed and a new trial granted. Costs to abide the event. Van Wyck, J., concurs.