## FINKELSTEIN v. CRANE.

(New York Superior Court—General Term, February, 1893.)

Plaintiff's intestate, a child between five and six years of age, was sitting on a curbstone with her feet in the gutter; on the approach of defendant's wagon, she ran towards the other side of the street, but was knocked down by the horse, and received injuries from which she died. The court stated the law on the rights of infants *sui juris* and *non sui juris*, and charged that "the child had a perfect right to be in the street there, and that the parents were not guilty of negligence in allowing it to be there." Defendants did not object to the charge or to any part of it on the same subject. The question whether the plaintiff, in case the infant was *non sui juris*, was bound to show that there was no negligence of the parents, was not called to the attention of the court.

At the close of plaintiff's case a motion to dismiss on the ground that there was no negligence on the part of defendants, and that the child was where it was unreasonable to expect a child of her age to be, was denied. *Held*, no error; that if it referred to a want of negligence of defendant's driver because he had no reason to expect that a child should be where the intestate was at the time of the accident, and that were so, plaintiff had a right to ask a verdict that the driver saw the child while she was in peril and might by proper management have prevented the accident. If it referred to negligence for which the child was responsible, it singled out a fact not of itself decisive.

APPEAL by defendants from judgment entered upon verdict of a jury. The opinion states the case.

*Adolph L. Sanger*, for defendants (appellants).

*Alfred Stickler*, for plaintiff (respondent).

SEDGWICK, Ch. J. The action was for damages to plaintiff's intestate from the negligence of defendants' servants. The testimony would have permitted the jury to conclude that the intestate, a child between five and six years old, was on the west side of Eldridge street, sitting on the curb with her feet in the gutter; that a wagon driven by defendants' servant, with one horse and a heavy load, was approaching; that on the approach of the wagon, the child ran towards the other side of the street, but was knocked down by the horse after she had gone a short distance, and received injuries from which she died.

On this appeal it appears that there was no question as to that part of the case which relates to the negligence of defendants' driver. It is insisted that there should be a reversal, because of the charge of the court that said that the child "had a perfect right to be in the street there, and that the parents were not guilty of negligence in allowing it to be there." The defendants made no objection to this charge, or to any part of the charge on the same subject. The defendants made two requests to charge, which were acceded to, and referred only to the child as *sui juris*. The defendants made at the end of plaintiff's opening case, a motion to dismiss the complaint, on the ground under the ruling in *Hartfield* v. *Roper*, 21 Wend. 615, " also on the ground that there is no proof of any negligence."

If *Hartfield* v. *Roper*, 21 Wend. 615, held that as a matter of law, it was negligence to be imputed to an infant *non sui juris*, that he was upon a highway unattended, such a view of the case was not presented to the court below. In *Kunz* v. *City of Troy*, 104 N. Y. 344, it was said that this point was passed upon as a matter of fact. After the citation by defendants' counsel of *Hartfield* v. *Roper*, the court asked what was the

ground of the motion. The reply was that there was no negligence on the part of the defendants, and the plaintiff's child was in a position where it was unreasonable to expect a child of her age should be. It cannot be said with certainty that the second branch did refer to a want of negligence of defendants' driver, because he had no reason to expect that a child should be where the intestate was at the time of the accident.

If this were the meaning and that were correct, it still remained the right of the plaintiff to ask a verdict that the driver did see the child, while the latter was in peril, and might, by proper management, have prevented the accident.

But if it referred to a negligence for which the intestate was responsible, it singled out one fact, that of a child between five and six years of age being in the street, unattended. Such a fact was not of itself decisive. Nothing in the case showed as matter of law for the court, affirmatively, that there had been negligence on the part of the child. It may have been that at that point of the case, if it were assumed that the child was *non sui juris*, it was a question whether the plaintiff was bound to prove affirmatively that there had been no negligence of the parents of the child. But this proposition was not presented to the court for decision.

It is argued that although there was no decision of the point, yet there were several statements in the charge not objected to, that require this court to grant a new trial. In the charge, there was a full statement of the law on the rights of infants *sui juris* and *non sui juris*. The only question that could be mooted was whether the plaintiff, in case the infant was *non sui juris*, was bound to show that there was no negligence of the parents. This was at no time called to the attention of the court. If it had been, there would have been an opportunity for the plaintiff, in the court's discretion, to give testimony on the subject.

The judgment is affirmed, with costs.

DUGRO, J., concurs.

Judgment affirmed.