LIZZIE BUTCHER, Respondent, *v.* RICHARD HYDE et al.,
Appellants.

(City Court of Brooklyn — General Term, November, 1894.)

It is the duty of the managers of a theatre to be vigilant to see that the stairs therein are in such a condition that a theatre-goer, although an aged person, can with safety descend them, provided the care of a reasonably prudent person is exercised.

The existence for twenty-four hours of a patent defect in the stairs is sufficient to charge the managers with constructive notice thereof.

APPEAL from judgment in favor of plaintiff, entered upon a verdict for $500, and from order denying motion for a new trial on the minutes.

Action to recover damages for an injury sustained by the plaintiff while descending the balcony stairs in defendant's theatre after a matinee performance. It was claimed by the

City Court of Brooklyn, November, 1894.          [Vol. 10.

plaintiff that the injury was caused by reason of her heel catching in the rubber covering of the sixth step, which had become loosened.

*Wm. M. Benedict,* for appellants.

*Frederick E. Crane,* for respondent.

CLEMENT, Ch. J.   It was the duty of the defendants to exercise reasonable care over the stairs which were in use at their theatre.   They were bound to exercise more care than the owner of a tenement house in the control of stairs in common use by tenants, and more care even than the officers of an elevated railroad over the stairs in use at their stations.   It was the duty of defendants to be vigilant to see that the stairs of the theatre, which were crowded every week day, should be in such a condition that a theatre-goer, though a lady seventy-two years of age, could with safety descend the stairs, provided the care of a reasonably prudent person was exercised.   If the stairs of a theatre become dangerous, notice to the owners can be implied by a jury by the lapse of a very short space of time.   We think that the jury could infer that twenty-four hours, and perhaps less, was ample notice to the proprietors of any patent defect in the means of egress.   It would not be a great hardship to hold that the managers of a theatre or of a public hall in daily use should, at the close of each performance, inspect the halls, passageways and stairs.

We have read with care the record in this case, and conclude that there was sufficient evidence on the part of the plaintiff to justify the verdict of the jury.   There was testimony tending to show that the rubber on the sixth step was out of order and liable to trip a person descending the stairs.   The other question, whether the plaintiff fell by reason of the defect in the step, or for some other reason, is close.   There does not seem to be any direct testimony showing that the plaintiff stepped on the spot where the defective rubber was.   There is testimony tending to show that her foot caught in the fifth or sixth step, and that there was no other defect in the stairs

except at the sixth step.    In this case, it was difficult for the plaintiff to describe accurately the exact spot where the injury occurred, and yet, from all the surrounding circumstances, the jury could infer that she fell on account of the defective covering of the sixth step.    The plaintiff testified that she was descending the stairs, and that, at about the fifth or sixth step, her foot became caught in some way, and that she fell and was injured.    Proof is given that at the sixth step the rubber covering was raised up and liable to produce the result testified to by plaintiff.    It would be a refinement to hold, as matter of law, that it was not for the jury to determine whether the defect in the sixth stair was the cause of her fall.

Judgment and order denying new trial affirmed, with costs.

VAN WYCK, J., concurs.

Judgment and order affirmed, with costs.