(12 Misc. Rep. 74.)

CANAVAN v. STUYVESANT et al.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

CONTRIBUTORY NEGLIGENCE—PARENT AND CHILD.
   Where the parents of a child allow it to play in a place which they know to be dangerous, they are guilty of contributory negligence, and the child cannot recover for the injuries received by him.

Appeal from trial term.

Action by Thomas J. Canavan, an infant, by Michael Canavan, his guardian ad litem, against Robert Van R. Stuyvesant and another, for personal injuries. From a judgment entered on a verdict in favor of plaintiff, defendants appeal. Reversed.

Argued before BOOKSTAVER, BISCHOFF and GIEGERICH, JJ.

J. Langdon Ward, for appellants.
John Jeroloman, for respondent.

BOOKSTAVER, J. Upon the former appeal of this case (7 Misc. Rep. 113, 27 N. Y. Supp. 413) we expressed the opinion that the complaint was properly dismissed upon the first trial so far as the first cause of action was concerned, and nothing appears in the record upon this appeal to change the view we then took. With the change in the evidence, the reasons for our conclusion have changed, but the result is the same. Upon examining the evidence on this trial, it appears that the broken or westerly door was down, and the easterly one was up. The hole in the broken door was about 9 by 12 inches in size, and into this the boy stepped as he was crossing the door, "kind of on an angle," and fell into the cellar, not through the hole, but through the door that was open. The inference from this is that neither the hole nor the open door alone would have been enough to cause the injury. Without the hole, however (for which, it would seem, defendants were responsible), the accident would not have happened, and that would seem to fix upon them the liability for that part of the damage if nothing else appeared. But the record also shows that the father of the plaintiff knew of the hole in the door, as did also the mother; that they were cognizant of the

fact that the children played in this frontyard whenever they wanted, and the plaintiff was allowed by them, on this occasion at any rate, to be there without any supervision. And hence, we think, his parents were guilty of contributory negligence.

For the same reason, they were guilty of contributory negligence in respect to the second cause of action. As respects this last cause of action, on the former trial we expressed the opinion, on the record then presented to us, that the parents were not guilty of contributory negligence. This record, however, exhibits an important and fatal change in the evidence. On the former case we understood that the plaintiff was injured while at play in the yard in which his mother was at work, and while under her supervision. It now appears from the mother's own testimony that she was in the kitchen, washing, at the time, and saw the accident from her kitchen window. The children were playing in the yard by her permission. Indeed, it was her custom to keep them there, because she "felt it was a safe place." She well knew the condition of the yard which she allowed them to use as a playground. She testified: "There was no railing about that area way. I particularly cautioned the little boy and the little girl to keep away from there;" and "I observed the condition of the area way on the 4th of November and before;" and that she had called the attention of Mr. Halleneyer to it, and he had promised to have a wooden cover put over it; and that she had known the grating was off for two months before the accident occurred. It also appeared from the evidence that the father knew of the same defect. We see no escape, therefore, from the conclusion that, if it was negligence for the landlord to leave the yard or the door in the condition in which they were, it was equally negligence for the mother and father, having the care of the plaintiff, to permit him habitually to play in either place without the presence of some competent person to watch and protect him. True, there is no question of the contributory negligence of the plaintiff, because at the time of the accident he was only two years and seven or eight months of age; but, as he was non sui juris, the negligence of his mother must be imputed to him (Kunz v. City of Troy, 104 N. Y. 344, 351, 10 N. E. 442; 4 Am. & Eng. Enc. Law, 87); and this precludes his recovery.

As it appears that this defect in the plaintiff's case cannot be remedied upon a new trial, the judgment is reversed, and judgment absolute dismissing the complaint is ordered, with costs. All concur.