(25 Misc. Rep. 402.)

## HAVLIN v. KRULISH.

(City Court of New York, General Term. December 7, 1898.)

FACTORY LAWS—GUARDING MACHINERY—INJURY TO EMPLOYE.

The requirement of Laws 1892, c. 673, § 8 (Factory Act), that, in a manufacturing establishment, "cogs, gearing, * * * shall be properly guarded," applies to a tenant carrying on business with machinery.

Appeal from trial term.

Action by Frank Havlin, an infant, against Joseph Krulish. From a judgment on a verdict for $1,000, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before McCARTHY, SCHUCHMAN, and OLCOTT, JJ.

V. T. Woytisek, for appellant.

Catlin & Nekarda, for respondent.

SCHUCHMAN, J. The action is brought to recover damages for personal injury. The evidence adduced at the trial establishes substantially the following facts: On June 3, 1897, the plaintiff, an infant of about 16 years of age, was employed by the defendant in his marble factory, carried on on the first and second floors of a building on Cherry street, which, together with the stairway, were hired by defendant for that purpose for the past seven years. There was a yard in front of the building. The entrance to the second floor was by a stairway on the front of the building, at the uptown, or north, corner thereof. On the right hand side of the stairs was a partition. About halfway up this stairway, on the right side, close to the wall, were two large cog wheels, the teeth of cogs pointing up and down stairs, and the flat side being against the wall. They were covered by a wooden box, projecting out over the steps 8¼ inches, the lower side of it being 4 feet 8 inches above the step directly under it. This wooden box or covering at the corner towards the head of the stairs was worn out by friction with the cogs, causing a then-existing hole of about 4 to 5 inches wide and 5 to 6 inches long. On February 4th, about 5 o'clock p. m., the infant plaintiff, who was then 5 feet 8 inches tall, carried a marble slab, the top of a wash basin, of the size of 3 feet by 2 feet 6 inches, and of a weight of 30 to 40 pounds, down this stairway; and, while descending, the fingers of his left hand, which were about on a level with the hole in the box, came in contact with the cogs, and were smashed. The infant plaintiff testified that he had not noticed the box or cogs before the accident happened, nor did he know that the hole was there. There was a sharp conflict of evidence as to the fact how long the hole was there. The evidence on plaintiff's part is that it was there about three weeks, while that on the part of the defense is that there was

no hole there before June 4th, nor on the 4th, 5th, or 6th of June.

The law (section 8, c. 673, Laws 1892) known as the "Factory Act" provides that all cogs, belting, shafting, etc., shall be properly guarded. Knisley v. Pratt, 75 Hun, 326, 26 N. Y. Supp. 1010. Failure to comply with this act is prima facie evidence of negligence. McRickard v. Flint, 114 N. Y. 222, 21 N. E. 153; Freeman v. Mill Co., 61 Hun, 125, 15 N. Y. Supp. 657. It is the duty of a tenant or lessee carrying on any business with machinery to comply with the factory act, and properly guard cogs, belting, shafting, etc., and to exercise such care and caution in respect to the demised premises as a prudent man of ordinary intelligence would exercise under the same or similar circumstances to keep them safe for persons lawfully using the same. Glassheim v. Printing Co. (Com. Pl.) 34 N. Y. Supp. 69. If a person obligated by law to keep premises in a reasonably safe condition fails to make repairs after actual or constructive notice, within a reasonable time, it constitutes a factotum of negligence. Thus, it was held, where stairs were out of repair for 24 hours, that the jury might find negligence (Butcher v. Hyde, 10 Misc. Rep. 275, 30 N. Y. Supp. 1073); and where an obstruction was left in the street for four or five days (when it is the corporate duty of the city to keep the streets free from obstructions), without express notice to the city, that it is chargeable with implied notice, because the authorities of the city charged with the care of the public streets ought to have known of the obstruction, and to have caused its removal; and if ignorant, and their ignorance resulted from the omission of the duty of inspection, and of the degree of diligence which might reasonably be expected, the city is equally chargeable as if express notice had been actually given (Kunz v. City of Troy, 104 N. Y. 344, 10 N. E. 442; Todd v. Same, 61 N. Y. 507.

The principles of law governing defendant's liability herein, depending upon his negligence and the freedom from negligence of plaintiff, have been properly submitted to the jury by the trial judge in his charge. The conflict of evidence has been disposed of by the jury's verdict. This verdict is not against the evidence, nor the weight of evidence. The exception as to readmission of Exhibit B, and those as to excluding testimony in regard to the question whether ever before any injury was occasioned to any one by said defective covering or box, and to refusals to requests to charge, are without merit. The charge was ample and proper.

Judgment and order appealed from affirmed, with costs. All concur.