WILLIAM B. HENRY, by next friend, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 7, 1910.

1. CONTRIBUTORY NEGLIGENCE: Boy Fourteen Years Old. Where the evidence clearly shows that a boy fourteen years old of experience about railroad yards, is guilty of reckless or negligent conduct such as would not be committed by an ordinarily prudent boy of that age, the court should declare him guilty of contributory negligence as a matter of law.

2. ———: ———: Boy Sui Juris.  Plaintiff, a boy more than fourteen years old, had assisted one who attended a locomotive when brought from a trip and was induced to do so by being

shown how to run a locomotive,—was employed by one of defendant's brakemen to sweep out cars, and by a local baggage man to attend to the switch lights night and morning, and in doing so passed near to defendant's turntable for six weeks, such employment not being made by defendant but by the persons mentioned, on their own account and for which they paid. On the day of his injury he was asked by the man who attended the locomotive to go to the turntable to assist in turning an engine. In doing so, he helped to turn the table by pushing on a lever until he approached the point where the rails on the table and the rails on the spur track would come into position, when he jumped up on the table in a sitting posture, with his legs hanging over the edge of the table. As the table moved on he saw the danger and jerked up one leg but the other was crushed between the table and timbers supporting the end of the spur track. *Held*, that, though a youth, he was guilty of contributory negligence as a matter of law.

Appeal from Bates Circuit Court.—*Hon. C. A. Benton,* Judge.

REVERSED.

*Martin L. Clardy* and *Scott & Bowker* for appellant.

(1)   The petition in this case states no cause of action and timely objection was made to the introduction of evidence thereunder for that reason. The petition charges that plaintiff went to the turntable at the request of Charles Scales. The duties of this man Scales are set forth in paragraph 9 of the petition. There is no allegation in the petition that Scales, a mere engine watcher, had any authority to procure the services of plaintiff or any other person to assist in the work of defendant. Without an allegation of some authority being vested in Scales to do such a thing, the petition is fatally defective. Snyder v. Railroad, 62 Mo. 413. The Snyder case has been cited in a number of cases, and always with approval. Farber v. Railroad, 116 Mo. 81; Stringer v. Railroad, 96 Mo. 299; Milton v. Railroad, 193 Mo. 57; Wahl v. Transit Co., 203 Mo. 271, *et seq.*   (2)   Defendant's instruction in

the nature of a demurrer should have been sustained, because there is no evidence to show any authority in Charles Scales to request assistance from plaintiff. Snyder v. Railroad, 60 Mo. 413; Sherman v. Railroad, 72 Mo. 62; Springer v. Railroad, 96 Mo. 299; Walker v. Railroad, 121 Mo. 575; Morgan v. Foley, 33 Mo. App. 250; Hartman v. Muehlbach, 64 Mo. App. 565; Church v. Railroad (Minn.), 52 N. W. 647.

*Miles S. Horn* and *Thos. J. Smith* for respondents.

(1) Plaintiff's petition states a good cause of action and appellant's counsel in his criticism of the petition in this respect failed to take notice of paragraph ten of the petition, reciting that it had been the custom for years for boys of the age of plaintiff to assist the regular employees of defendant in turning this turntable, and that this was by and with the knowledge and acquiescence of defendant. (2) If it should be conceded that the evidence does not show by implication, the acquiescence of the railroad company in the employment of boys in the doing of this work, still the evidence shows without contradiction that for a period running back as much as seven years they had been so engaged, and necessarily with the knowledge of the defendant's servants, whose duty it was to turn this table. Such being the fact, it was the duty of the defendant to be watchful and careful in the doing of this work so as not to injure one of whose probable presence defendant was under the circumstances bound to take notice, and whose immature judgment and want of knowledge would prevent his realizing the dangers incident to the operation of this table. Reilly v. Railroad, 94 Mo. 608; Gurley v. Railroad, 104 Mo. 228; Schmitz v. Railroad, 119 Mo. 270; Montgomery v. Railroad, 181 Mo. 502; Scullin v. Railroad, 184 Mo. 707; Stiles v. Knott, 197 Mo. 717. (3) The refusal of the court to exclude the evidence offered by plaintiff show-

ing that boys of the age of plaintiff had been in the habit of being present and assisting in the turning of the turntable was proper, the evidence being pertinent to the question of defendant's alleged negligence, resulting in plaintiff's injury. Gurley v. Railroad, 104 Mo. supra; Fiedler v. Railroad, 107 Mo. 645; Schmitz v. Railroad, 119 Mo. 270.

ELLISON, J.—This is an action for personal injury alleged to have resulted from the negligence of defendant's servants, in which plaintiff had judgment in the trial court for five thousand dollars.

Two branches of defendant's railroad enter the city of Butler. A turntable is provided for turning the engines running on one of these and known as the L. & S. branch. Defendant had a servant at that place named Scales, whose duty it was to take care of the engines after they arrived, were turned on the turntable and run out, about fifty feet, over a cinder pit. At the latter point the engineer would leave it in his charge until next day, or at least until it was to be taken on the road again. On the day of plaintiff's injury Scales asked him to go along to the turntable and help turn the engine. He went with Scales, it may be said, as a volunteer on invitation, that is to say, he said that he knew he was not employed to go and that he was not to be paid. He knew that Scales had no authority to employ him. The ground where the table was, sloped off or declined from the level from which the spur track started, so that when such track reached the table it was elevated above the surface two and a half or three feet, and the table was, of course, so constructed that the rails thereon were flush with the ends of the rails on the spur track. The engine was run onto the table, and plaintiff took hold of one of the levers on one side of the table, next to the table and near the end of the track on the table, while others took hold by his side but nearer the end of the lever; others pushed at the

other lever. As he walked around, approaching the end of the spur track, he noticed, as his petition states, that he could not "conveniently" walk up the incline or grade which, as already stated, held the spur track above the surface. He therefore let go the lever and seated himself on the revolving table, by springing or jumping thereon with his legs, from the knees down, hanging over the edge or side. He at first thought there would be room for his legs between the timbers at the place where the table track and the spur track would come into position. But he soon saw there was not, and says he then thought to escape the danger by drawing up his legs and did get one up but not the other, and it was caught and crushed.

The petition is framed upon the theory that if plaintiff had not been under the disability of youth his conduct would have been easily classed as contributory negligence. The face of the whole case shows this, and without the concession, the evidence establishes it without so much as a doubt.

The demurrer interposed by defendant puts before us the question whether the case made by the evidence in plaintiff's behalf was such as to make it obligatory upon the trial court to declare as a matter of law that, notwithstanding his youth, he was guilty of contributory negligence and could not recover. That children may be declared to be *sui juris,* as a matter of law, has been recently decided by the Supreme Court in McGee v. Railroad, 214 Mo. 530. The case may be of such nature that, though a child, his conduct, considered from the standpoint of the ordinary child, will be held to be culpable. It is said in that case that if the facts are such as to plainly show the situation in which the child was placed was not one to confuse or bewilder him when he placed himself in danger, or allowed danger to come upon him, such danger being within easy comprehension of a child of his age, no reason exists why the court should not declare his contributory neg-

ligence as a matter of law. In that case the boy was beyond thirteen years of age and was killed while attempting to cross a railroad track near his home, under circumstances conceded to be such as to charge one *sui juris* with contributory negligence. He was also so charged and judgment denied his parents.

In this case plaintiff was a bright boy beyond fourteen years old, and the evidence given by himself in his own behalf clearly convicts him of negligence though judged only from the standpoint of his age, intelligence, experience, and knowledge of the surroundings and the immediate circumstances connected with his injury. He had lived not far from the table in controversy for five years. While he had not been in the employ of the defendant, he had worked about the engine, the cars and the tracks, for some of defendant's employees. The "baggage man" at Butler had employed him to attend to the switch lights at five different switches. This included lighting them at night, putting them out in the morning and cleaning them during the day. He had been at this for six weeks before he was hurt and passed by within fifteen feet of the turntable, every day. He likewise scooped cinders from the cinder pit for Scales, who paid him for it. He also helped Scales get sand from the sand house for the engine and as an inducement or compensation Scales let him ride on the engine and taught him how to run it. He also swept the caboose car for a brakeman and was paid by him. The scene of all this was near, around and about the turntable. As to his examination and knowledge of the turntable itself, his testimony is not so clear. He stated he did not know how it was constructed; but admitted, in one part of his testimony, he had been at it two or three times and had seen them turn an engine and knew how the table was operated to do that. From this it is clear that one, not an old employee, would rarely be found with more experience or

more intimate acquaintance with railroad work at a small city, than plaintiff had.

Passing to the immediate scene and time of the injury, we find some degree of confusion in the different parts of plaintiff's statement of the situation at the place where he received his injury. There was a large timber, part of the turntable, supporting the table track and there were other large timbers lying crosswise supporting the extreme end of the spur track. Thus as the table came round approaching the point where the ends of the tracks would be in position, the table timber and the timbers under the end of the spur would pass near to one another. They would come near together before the two tracks came to a position for the reason that the timbers under the spur stuck out beyond the side of the spur track. Those pushing the lever by the side of plaintiff, walked up the grade of the spur on the outer side of the timbers supporting the spur, while plaintiff, if he kept on pushing, would have been on the inner side next to the table. Realizing that there would not be room for him, he says he jumped up in a sitting position on the table with his legs hanging over.

The situation thus described leading plaintiff to his injury, is one that should have reasonably been avoided by a youth of fewer years and of immensely less experience than he. Why he did not remain on the ground when he quit pushing on the lever is not to be accounted for by his youth, for such a boy as he, would know that that was the prudent and natural thing to do, and such as he, in like situation, must be held by the courts to know the probable consequences. Keeping in mind that we are dealing with one of his age, and his experience also, yet we can conclude but one thing consistent with any degree of reason and that is that he seated himself on the table intending to draw up his legs when he got to the point of contact, and did not do it. An additional suggestion would seem to bar his recovery. Conceding his youth and lack of judgment to

the full of the argument in his behalf, yet he testified that he saw his danger, but thought his legs would not be caught. Then he discovered they would be and began to draw them up, succeeding with one, while the other was caught between the ends of the table and the spur rails. We cannot understand why, if he could get one leg up into safety, he could not have gotten both, since they could have been raised at the same time, either as he sat or by throwing himself over backwards onto the table. It seems to us that the effect of plaintiff's position approaches the point of judging him as an inanimate body; or if not that extreme, as a body bereft of reason.

The case of Merryman v. Railroad, 85 Iowa 634, much like this, was where a boy of ordinary intelligence, thirteen years old, was playing on a turntable and while it was going round he hung his feet out over the side, as plaintiff did in this case, and they were crushed between the table and an embankment on which the rails of the spur track running to the table were laid. He knew it was dangerous to have his feet in the position they were, and it was held he could not recover.

We need not notice an objection taken to the sufficiency of defendant's plea of contributory negligence, since such negligence appears in the case as made by plaintiff himself.

Defendant's peremptory instruction should have been given, and the judgment will therefore be reversed. All concur.