CHRIST JENSEN, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, June 13, 1914.

1. NEGLIGENCE: Municipal Corporations: Fountain: Children: Negligence: Jury Question. Kansas City maintained a fountain in a large opening or space with flowers and grass and a driveway or boulevard on either side. The fountain basin was about forty feet in diameter, with a stone wall around it about twenty-five inches in height, the coping on the wall being about eighteen inches wide. The basin sloped from the wall down to the fountain proper and while the water stood at five inches next to the wall, it was more than three feet deep at the fountain. Children as young as three years played about the fountain and ran round the top of the wall. A child five years old was running on top of the wall and got in by falling or climbing down and was drowned. It was held that the question whether the city was negligent in not keeping better protection against the imprudence of children could not be passed upon as a matter of law, but was for the jury.

2. PARENT AND CHILD: Negligence. The negligence of the parents is not imputable to the child in the child's action, but it will bar an action of their own.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie*, Judge.

AFFIRMED.

*A. F. Evans, Francis M. Hayward* for appellant.

(1) The city was not negligent as a matter of law in maintaining the wall about the fountain in

which the son of the plaintiffs was drowned. Carey v. Kansas City, 187 Mo. 715; Lineburg v. City of St. Paul, 71 Minn. 245. (2) The negligence of parents in an action for the death of a child will bar their recovery. Koons v. St. Louis, 65 Mo. 592; Wiese v. Remme, 140 Mo. 289; Neff v. Cameron, 213 Mo. 363; Berry v. Railroad, 214 Mo. 603. (3) Where the facts are undisputed, as in the case at bar, and where but one inference can be drawn, then the case is properly one for the court. Nagel v. Railway Co., 75 Mo. 665; Senn v. Railway Co., 124 Mo. 630; Glassey v. Railway, 57 Pa. St. 127; 7 Am. & Eng. Enc. of Law, 456. (4) Plaintiffs were under the undisputed facts of the case negligent as a matter of law. Boland v. Railroad Co., 36 Mo. 484; Wiese v. Remme, 140 Mo. 289.

*Sebree, Conrad & Wendorff* and *Davis & Holmes* for respondents.

(1) The issues of the city's negligence in maintaining the wall about the fountain in which the son of respondents was drowned was for the jury. Capp et al. v. City of St. Louis, 158 S. W. 616; Price v. Water Co., 58 Kas. 51; Pekin v. McMahon, 154 Ill. 144; Brown v. Salt Lake City, 93 Pac. 619. (2) The issue of respondents' negligence was properly submitted to the jury. Cap et al. v. City of St. Louis, 158 S. W. 616; Finnman v. Transit Co., 42 Pac. Sup. Ct. 379; Grayhek, Adm., v. Stein, 154 Ill. App. 385; City of Chicago v. Hessing, 83 Ill. 204; Rld. Co. v. Warriner, 132 Ill. App. 301; Burkett, Adm., v. Ice Co., 110 N. Y. 504; Kunz v. City of Troy, 104 N. Y. 344; McGuire v. Spence, 91 N. Y. 304.

ELLISON, P. J.—Plaintiffs are the parents of deceased Samuel Jensen a child five years old who was drowned in a fountain just south of the intersection of ninth street with the Paseo in Kansas City, and this action is brought by them on the ground of the alleged

negligence of the city in permitting or conducting the fountain inadequately guarded. The judgment in the trial court was for the plaintiff.

The fountain basin was about circular and was near forty feet in diameter. The outer wall was of heavy stone and on the north and largely to the east and west was between twenty-four and twenty-seven inches in height above the stone flagging surrounding it. On the inside the basin sloped downward toward the center where the water was thrown upward in more or less spray effect when the fountain was in action. At the edge next to the inside of the outer wall, the water was about five inches deep, but at the center, on account of the slope, it came to a depth of more than three feet. The top stone of this surrounding wall was perhaps eighteen inches in width and while it afforded a seat for adults, it also was used by children of different ages in walking or running around the fountain in play. The Paseo was a wide space with the fountain and ornamental work, as well as grass and flowers, in the center and a street or boulevard on either side. On the whole, the immediate vicinity and the fountain itself, in its surroundings, was attractive to children and they played there in numbers; it being common to see little ones as young as three to four years and upwards about the fountain and running around the top of the wall. The deceased child was last seen on the wall running around the top. He was found drowned, his body being in the deep water near the fountain proper. No one saw him fall in and it is not known just the time he did, but he had not been absent from home, near six blocks away, much more than an hour when his mother was told of his death.

In these circumstances the city contends there was no evidence of negligence and that it should have been so declared as a matter of law. While the plaintiff insists it was a question for the jury. After full consideration we have adopted the plaintiff's view. We are

relieved of the labor or necessity of discussing the nature of the liability of a city in cases of injuries to children allowed to play in public parks about places where injuries, or death, may reasonably be expected to result to an impulsive and thoughtless child. The Supreme Court has given such question thorough consideration in the cases of Carey v. Kansas City, 187 Mo. 715 and Capp v. St. Louis, 251 Mo. 345. Those cases being based on facts wholly unlike, it was held in the former that no cause of action existed and in the latter that the city was liable. In the former a woven wire fence, four and one-half feet high and a stone walk, separated a reservoir from a park. The fence extended around the side of the walk next to the reservoir. A boy eleven years old climbed the fence, fell into the reservoir and was drowned. It was held that there was no liability; that the care required of the city in guarding such place, was that which prudent persons would exercise under similar circumstances, and that it was not to be expected the city would so guard the wall that it would be impossible for boys to climb over.

In the latter case, it was held that children playing in parks were not trespassers and the court said, in effect, that they were the invitees of the city. There a child, with a companion, was wading in a pool, shallow at the edge, but several feet deep towards the center, and practically unguarded. The question of the city's negligence was held to be for the jury.

In this case the low wall, or balustrade, twenty-five inches high, was the only guard, and it, of course, was no protection, once a child was on top of it, against the water in the basin of the fountain. The wide coping which topped this wall was a great temptation to children to run around it. We think it too extreme to say, as was suggested in argument, that a boy five years old, could not climb onto the top of a wall of

that height without assistance. The trial court was right in submitting the case to the jury.

There is the further insistence that these plaintiffs, as parents of the boy, were guilty of negligence in letting so small a child go upon the streets unattended. While in this State, the negligence of the parent cannot be imputed to the child in the latter's action (Neff v. City of Cameron, 213 Mo. 350; Berry v. Railroad, 214 Mo. 593; Sluder v. Transit Co., 189 Mo. 107, 139; Profit v. Railroad, 91 Mo. App. 369) it will, of course, bar their own action. We have gone over the evidence as preserved in the record and have concluded that plaintiff's negligence was not made out in such indisputable way as to justify us in saying it should have been declared as a matter of law.

Plaintiffs were shown to be hardworking people. The father was absent at his daily work. They lived in the rear of their house and let rooms to others. She had been washing the day of the child's death. There was evidence tending to show she had the mother's anxiety and solicitude about her child. She endeavored to keep an oversight of him and there is nothing to show that either she or the father, knew or consented to his going about the fountain. As well expressed by different witnesses, "She did the best she could."

There was a small back yard to the premises where the boy played. It was fenced, though there was an opening without a gate. The mother saw him there within an hour of the time word was brought to her. In our opinion the evidence in defendant's behalf on this part of the case, considered alone, was not convincing. At any rate, the trial court was abundantly justified in submitting the matter to the jury. [Capp v. St. Louis, supra; Birkett v. Ice Co., 110 N. Y. 504; Kuntz v. City of Troy, 104 N. Y. 344; Fox v. Street Ry., 118 Cal. 55.] The impression left by the evidence

is that the mother did the best that working people, not able to hire an attendant, could do in the care of the child.

We are without authority to interfere and the judgment is affirmed. All concur.