EVERETTE TURNER ET AL., RESPONDENTS, v. CITY OF MOBERLY, APPELLANT.

Kansas City Court of Appeals.  April 7, 1930.

*Hammett & Holman* for respondents.

*W. B. Stone* and *C. M. Hulen* for appellant.

BARNETT, C.—This is a suit for wrongful death. The city of Moberly owns and maintains a public park in which there is a large artificial lake equipped with a bathing beach, a bath house, boats, rafts, and diving boards. A large tree stands near the lake, and from a limb that extends over the water a rope is suspended which is about ten feet from the trunk of the tree and about seven feet from the bank. During the bathing season bathers often climb this tree and dive into the water from the branch and sometimes they swing themselves from the rope and then dive into the water. On May 16, 1928, the graduating class of a public grade school in the city of Moberly had a picnic at the park which was attended by Cecil Turner, a boy past fourteen years of age. A teacher who attended the picnic warned him and the other children to stay away from the lake. Nevertheless, he and some other boys went to the lake, and upon their return the teacher corrected them and again warned them to stay away. Cecil and several other boys again returned to the lake. One of the boys procured a ten foot pole, pulled the rope back to a place where it could be grasped from the bank, and swung himself out over the water. This same thing was done by two or three other boys who were in the crowd, and then Cecil Turner attempted to perform the same feat. The other boys could swim but Cecil could not. Cecil swung out over the water and upon the return swing one of the boys grasped his body to assist him. However, Cecil, who was perhaps frightened, refused to let go of the rope and the other boy released him. He again swung out and this time lost his hold so that he fell into the water and was drowned. His parents instituted this action to recover damages upon the ground that the city of Moberly negligently maintained a public place dangerous to children. The jury returned a verdict for $500, judgment was rendered accordingly, a motion for new trial was overruled and defendant has appealed.

## OPINION.

Deceased was guilty of contributory negligence as a matter of law. Except where he is so young as to be incapable of using any care, an infant is required to exercise ordinary care for his own safety. [45 C. J. 1003; Bussey v. Don, 259 S. W. 791.] The care and caution required of a child is measured by the capacity to appreciate and avoid the danger from which his injury resulted. [Goodwin v. Eugas, 290 Mo. 673; Jackson v. Butler, 249 Mo. 342.]

Knowledge and appreciation of the danger and risk of injury, actual or imputed, is essential in order that a child may be guilty of contributory negligence. Mere knowledge that injury might result, without appreciation of the risk of injury to which his conduct exposed him, is not sufficient. However, it is sufficient if it was so obvious that an ordinarily prudent child of the same capacity for knowing and appreciating the danger or risk would have known and appreciated it under the same or similar circumstances. But unless the danger was of such a character, knowledge and appreciation thereof will not be imputed to a child who was not actually aware of it. [45 C. J., 1009.]

In McGee v. Railroad, 214 Mo. 530, an intelligent child, thirteen years old, who was free from any impediment, and lived near a country railroad crossing, was held to be guilty of contributory negligence as a matter of law in attempting, without looking or listening, to cross a railroad track in front of an approaching train. In that case the court said:

"A boy of that age knows as well as an adult that a locomotive must follow the rails and that it cannot run around him or avoid striking him if he is on the track and gets in its way. That a railroad track is a sign of danger within the easy comprehension of a child of the age and capacity of Oscar has often been held. That the eye must be used to see and the ear used to hear and thereby avoid danger is as much a part of the wisdom of an average boy of that age as of an adult. He knows as well as an adult that fire will burn, a wasp sting, water drown or a locomotive kill, or cold freeze, and may be held to know as a matter of law."

In State ex rel. v. Trimble, 315 Mo. 32, 285 S. W. 458, the Supreme Court adopted a dissenting opinion by Judge TRIMBLE of this court in which it was held that a fourteen year old boy who climbed an electric light pole and met his death by coming in contact with an uninsulated electric wire was guilty of contributory negligence as a matter of law. In that case Judge TRIMBLE said:

"To my mind it is inconceivable that a bright, intelligent boy, doing well in school, past fourteen years of age and living in the city, would not understand and appreciate the fact that it would be dangerous to come in contact with an electric wire, and that he was undertaking a dangerous feat in climbing up the pole; but even if it may be said that men might differ on that proposition, still in this case he was warned of the wire and of the danger on account of the wire and that, too, before he had reached a situation where there was any occasion or necessity for clutching the wire to avoid a fall. . . . There was nothing about the pole that was inviting to him to go up it and play there. It was the unusual and hazardous nature of the feat that prompted him to do it in order that he might be a

hero in the eyes of the girls and perhaps excite their fear and dismay at his situation. If, however, it can be said that the steps on the pole plus the presence of the girls made the former a lure to a boy to climb it, nevertheless there remains this unescapable fact that it was the hazard and difficulty of the feat plus the desire to appear heroic in the eyes of his girl friends that induced him to go up the pole, and that he was not only himself aware that it was dangerous but was earnestly and emphatically warned of it. . . . If, under the circumstances of this case, deceased is to be absolved of the charge of contributory negligence and defendant is to be held liable, then certainly defendant is an out-and-out and an absolute insurer, and can be held liable wherever wires are maintained at places where the activities of a boy past fourteen years of age make it possible for him to climb.''

There are many decisions in this State wherein it was held that the injured person was guilty of contributory negligence as a matter of law, though the danger was no more obvious than that which was braved by Cecil Turner, and the child was as young or younger than he. [Shields v. Costello, 229 S. W. 411; Payne v. Chicago & Alton R. Co., 136 Mo. 562; Berry v. Majestic Milling Co., 263 S. W. 406; Cherry v. St. Louis, etc., R. Co., 163 Mo. App. 53; Battles v. United Rys. Co., 178 Mo. App. 596; Boesel v. Wells Fargo & Co., 260 Mo. 463; Herdt v. Koenig, 137 Mo. App. 589; Henry v. Mo. Pac. R. Co., 141 Mo. App. 351.]

The cases wherein our courts have allowed recovery on the ground that a city was guilty of negligence in maintaining a pond or fountain in a public place where children were likely to receive injury do not exclude contributory negligence as a complete defense. In the case of Nation v. St. Joseph, 5 S. W. (2d) 1106, the child who was drowned was seven years old. In Davoren v. Kansas City, 273 S. W. 401, the child was six years and seven months old. In Hensen v. Kansas City, 181 Mo. App. 359, the child was five years old. In Capp v. St. Louis, 251 Mo. 345, the child was found in a lake and there was no evidence to show what he was doing at the time he came to his death. The court held that under such circumstances it would be presumed that he acted with due care. In this case the evidence fully disclosed that Cecil Turner did. There is nothing to indicate that he did not fully appreciate the fact that ''fire will burn, a wasp sting, water drown or a locomotive kill, or cold freeze.'' He was warned to stay away from the lake and the jury cannot be permitted to infer that he swung out over the water because he did not comprehend the danger. On the contrary, the inference is very strong that he attempted to perform the feat because it was dangerous, and because he wanted to maintain a reputa-

tion for daring which would not be dimmed by the feats performed by the other boys.

The judgment should be reversed. The commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of BARNETT, C., is adopted by the court. The judgment is reversed. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.