(4 Misc. Rep. 85.)

## SCHMIDT v. COOK et al.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. NUISANCE—DANGEROUS PREMISES—LIABILITY OF OWNER.
    Bare fact of ownership of real property imposes no responsibility for a nuisance on it.

2. SAME—DUTIES OF OWNER.
    Where a person maintains upon his premises anything dangerous to life or limb, and of a nature to invite the intrusion of children, he owes them a duty of precaution against harm, and is liable to them for injury from that thing, even though their own act, if not negligent, puts in operation its hurtful agency. 20 N. Y. Supp. 889, reversed.

3. SAME—CONTRIBUTORY NEGLIGENCE.
    It is not the contributory act merely, but the contributory negligence, of a plaintiff, that defeats his recovery.

4. SAME—NEGLIGENCE OF INFANT.
    An infant sui juris is held only to the care proper to his age and condition.

(Syllabus by the Court.)

Appeal from city court, general term.

Action for personal injuries by Lena Schmidt, an infant, by Frank Schmidt, her guardian, against Valentine Cook and John J. Radley. The injuries resulted from the falling of a flagstone which was leaning against the fence in the back yard of defendants' premises, occupied by plaintiff's father and others as a tenement house. Plaintiff was playing about the stone when it fell. From a judgment (20 N. Y. Supp. 889) reversing a judgment for plaintiff, and dismissing the complaint, plaintiff appeals. Reversed in part.

Argued before BOOKSTAVER, P. J., and BISCHOFF and PRYOR, JJ.

Jeroloman & Arrowsmith, for appellant.
E. M. Burghard and Lewis Sanders, for respondents.

PRYOR, J. Assuming the back yard to have been reserved by the landlord for the common use of the tenants, (Peil v. Reinhart, 127 N. Y. 381, 27 N. E. Rep. 1077;) that the rock was a nuisance; and that the landlord let the premises with knowledge of the nuisance,—then, beyond question, he would be responsible for the injury to the plaintiff, if in no way caused by her own negligence. But the fatal defect in the plaintiff's case is that neither by allegation in the complaint nor by proof on the trial does it appear that the defendants were the landlords, or in control of the premises. True, the receipts for the rent were by "John E. Norris, Agent;" but agent for whom? It may be that the premises were held by the plaintiff's father as subtenant; that they passed out of the possession and control of the defendants—owners—before the existence of the nuisance, and for a term extending beyond the demise to the father; that the nuisance was created by the immediate landlord; and that no notice of it, actual or constructive, was imparted to the defendants. Entirely consistent with the

evidence is this state of fact; and, surely, it is ineffectual to affect the defendants with a liability for the plaintiff's injury. It is conceded, however, that the defendants were owners of the premises; but that fact alone did not make them responsible for a nuisance which they are not shown to have created or suffered to continue. "A landlord out of possession is not responsible for an after-occurring nuisance, unless, in some manner, he is in fault for its creation or continuance. His bare ownership will not produce that result." Wolf v. Kilpatrick, 101 N. Y. 146, 151, 4 N. E. Rep. 188; Babbage v. Powers, 4 Silvernail, 211, 215, note, 7 N. Y. Supp. 306. But ownership is the solitary fact in the case upon which defendants' liability is founded. That the complaint should have been dismissed is evident, without argument. ·

The respondents insist, further, that the complaint should have been dismissed for the contributory negligence of the plaintiff, because it was her own act that caused the rock to fall. The so-called "Turntable Cases" are clearly against the contention; the principle they establish being that where a person maintains upon his premises anything dangerous to life or limb, and of a nature to invite the intrusion of children, he owes them a duty of precaution against harm, and is liable to them for injury from that thing, even though their own act, if not negligent, puts in operation its hurtful agency. Barrett v. Railroad Co., 91 Cal. 296, 27 Pac. Rep. 666; Lynch v. Nurdin, 1 Q. B. 29; Railroad Co. v. Stout, 17 Wall. 657; Railroad Co. v. Fitzsimmons, 22 Kan. 686; Evansich v. Railroad Co., 57 Tex. 126; Koons v. Railroad Co., 65 Mo. 592; Nagel v. Railroad Co., 75 Mo. 653; Williams v. Railroad Co., 96 Mo. 275, 9 S. W. Rep. 573; Railroad Co. v. Bailey, 11 Neb. 332, 9 N. W. Rep. 50; Kunz v. City of Troy, 104 N. Y. 344, 351, 10 N. E. Rep. 442. It follows, therefore, that, though the toying of the plaintiff with the rock was the occasion of its fall, contributory negligence is not a necessary inference, but may be negatived by a contrary inference that the plaintiff was in the exercise of due care. Being 11 years old, and not of infirm or inferior faculties, she was sui juris, and responsible for the observance of care; not, however, the care of an adult, but only for a degree of care proper to her age and condition. Kehler v. Schwenk, 144 Pa. St. 348, 22 Atl. Rep. 910; Swift v. Railroad Co., 123 N. Y. 645, 650, 25 N. E. Rep. 378; Byrne v. Railroad Co., 83 N. Y. 620. The intimation in Tucker v. Railroad Co., 124 N. Y. 308, 26 N. E. Rep. 916, that an infant sui juris is held to the care of an adult, was inadvertent, and is opposed equally to reason and authority. It is not the contributory act merely, but the contributory negligence, of a plaintiff, that defeats his recovery. Although the complaint be bad in substance, there must still be another trial, for an amendment may be allowed, and further evidence adduced. Order affirmed so far as it reverses the judgment, and reversed so far as it dismisses the complaint, and new trial ordered, costs to abide event. All concur.