(12 Misc. Rep. 449.)

### SCHMIDT v. COOK et al.

(Common Pleas of New York City and County, General Term. May 6, 1895.)

NEGLIGENCE—DANGEROUS PREMISES.

> In an action for personal injuries, it appeared that in the yard of a tenement house in which apartments were rented from defendants by plaintiff's father a large flat stone stood almost perpendicularly against the fence, and had so stood for several months, and at the time the apartments were let; that, at the time of the leasing, defendant's agent had remarked that it was "a nice yard for children to play in"; and that while plaintiff, a child 10 years old, was drumming on the stone, it fell, and injured her. *Held*, that defendants were liable, though they had no actual knowledge of the existence of the stone, or its dangerous nature.

Appeal from city court, general term.

Action by Lena Schmidt, an infant, by Frank Schmidt, her guardian, against Valentine Cook and others. From a judgment of the city court (30 N. Y. Supp. 1135) affirming a judgment entered on a verdict for plaintiff, defendants appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

E. M. Burghard (Fred W. Hinrichs and Alfred E. Hinrichs, of counsel), for appellants.

Jeroloman & Arrowsmith (John Jeroloman, of counsel), for respondent.

GIEGERICH, J. When the case was last before this court, it was, among other things, held that the allegation and proof of the bare ownership was not sufficient to charge the owner of premises, which were occupied by others, with responsibility for injuries occasioned by a nuisance upon such premises (Schmidt v. Cook, 4 Misc. Rep. 85, 23 N. Y. Supp. 799); and, although the complaint was held to be bad in substance, a new trial was granted, in view of the possible allowance of an amendment. Upon the trial which is now the subject of review, the complaint was amended by inserting the words "and landlords in control"; so that the third paragraph of the complaint reads

as follows: "That the defendants, at the times hereinafter mentioned, were the owners and landlords in control of the premises No. 223 East 36th street, New York City." It appears from the undisputed evidence that the apartments occupied by plaintiff's parents and family were rented to plaintiff's father, as a monthly tenant, by John E. Norris, the agent of the defendants, who were the landlords of the premises in question, and to whom, through the said agent, the rent of said demised premises was paid by plaintiff's father during the period of said occupancy, which commenced on July 1, 1890, and continued until after the happening of the accident to the plaintiff; that the premises were occupied by plaintiff's father and two other families as a tenement house; that, at the time of the accident in question, the plaintiff was a child upward of ten years of age, and resided with her parents upon the demised premises; that there was a large yard in the rear of the house, about 40 feet deep by 20 feet wide, used in common by the tenants, and in which their children were in the habit of playing; that, when the demised premises were hired, Mr. Norris, defendants' agent, expressly stated "that it was a nice yard for children to play in, and would keep the children off the stoop"; that the entrance to the yard was through a common passageway or hallway in the basement; that plaintiff, while at play in the yard with two of her companions, was injured by the falling upon her right foot of a large flat stone, 33 inches long, 25 inches broad, and 3 inches thick, and which had stood up partly against a wooden fence, and partly against a stone wall, almost perpendicularly, such wall and fence not being quite even, there being about two or three inches difference; and that the said stone had stood in that position for two or three months before the accident, which occurred on the 20th day of August, 1890.

Plaintiff's version of the accident is that she and her companions had been at play in the yard the entire day; that in the afternoon she played piano on the said stone; that she said to her playmates that she was going to play the supper march for them, that they could hurry up and get ready; that she was drumming on the stone as if playing on a piano, turned around, and called Mamie and Corneille. "I turned around like that [illustrating], and with that the stone fell on my foot." And she further testified, in answer to the following questions:

"Q. What part of the stone fell on your foot, the front or the side of it? A. The upper part I was playing on. Q. Where you had your fingers, on top, came over towards you? A. Yes. Q. And that part where you were drumming with your fingers upon, playing the piano, fell on your foot? A. Yes. Q. Now, did you pull that stone over on yourself? A. No. Q. How did you get your foot out from under that stone, if you remember? A. Mamie Lang and Corneille pulled,—helped to pull it up."

She further testified that the stone first struck her left leg, and she was trying to hold it up, and it slipped from her hand, and went on her right foot; that she was not looking at the stone at the time she turned around; that she never played on that stone before; that they played around the yard a great deal; once in a while "puss

in the corner," and would run from one end of the yard to the other; that they played various children's games in that yard; that no one ever warned her about the stone, nor did they tell her that it was dangerous; that it did not seem dangerous to her; and that she did not put her feet behind the stone.

When the plaintiff rested, the defendants moved to dismiss the complaint, upon the grounds hereafter stated, which motion was denied, and they duly excepted. The defendants did not call any witness, and, having rested their case upon the plaintiff's evidence, they renewed the motion to dismiss, which was likewise denied, and the defendants again noted an exception. The defendants have not on the present appeal raised any question as to the sufficiency of the allegations of the complaint, and the evidence respecting their possession and control of the premises during the time plaintiff's father occupied the same as a tenant of the defendants, and the only grounds urged by them for a reversal of the judgment are:

"First. There is neither an allegation in the complaint nor evidence showing that the defendants were responsible for the injury. Second. The evidence fails to show absence of contributory negligence on the part of plaintiff, and, on the contrary, shows that the injury was caused by her own negligent act."

It is urged in support of the first point that there was nothing in the appearance or position of the stone to indicate that it was dangerous; and attention is called to the testimony of witnesses, including that of plaintiff and her parents, upon this point, all of whom testified that they did not notice anything dangerous about the stone. But the defendants were bound to know that a stone of the dimensions before stated would naturally tempt children to play upon and about the same, and, by reason thereof, become dangerous to life and limb; and hence the defendants owed to the plaintiff and other children who played in the yard a duty of precaution against harm. Schmidt v. Cook, supra; Kunz v. City of Troy, 104 N. Y. 344, 10 N. E. 442; Earl v. Crouch (Sup.) 10 N. Y. Supp. 882, 16 N. Y. Supp. 770; Lynch v. Nurdin, 1 Adol. & E. (N. S.) 29.

The defendants further contend that there is no evidence that they placed or caused to be placed the stone in the position it was in on the day of the accident, nor that they had actual or constructive notice of its condition or position, and that, consequently, they are not liable. Even if the defendants did not place or cause to be placed the stone in the position it was in on the day when the accident occurred, or if they were ignorant of the existence of the stone, yet if, by the exercise of reasonable care and diligence, they would have known of its existence, the opportunity of knowledge stands, for the purposes of the case, as actual knowledge, and the defendants are chargeable as if they had created the nuisance themselves. Kunz v. City of Troy, supra; Timlin v. Oil Co., 126 N. Y. 514, 27 N. E. 786.

It appears from the undisputed evidence, and the jury by their verdict have found, that the stone was allowed to remain in the same position a sufficient length of time without any endeavor on

the part of the defendants, by the exercise of reasonable care and diligence, to ascertain its dangerous position; and, having let the premises with the nuisance existing thereupon, they are, under the circumstances, liable for the injuries sustained by the plaintiff (Ahern v. Steele, 115 N. Y. 203, 22 N. E. 193), unless she has been guilty of contributory negligence. The defendants insist that she was, but the evidence does not support their contention. In passing upon the question of contributory negligence, this court, on the former appeal, through Judge Pryor, said:

"Though the toying of the plaintiff with the rock was the occasion of its fall, contributory negligence is not a necessary inference, but may be negatived by a contrary inference that the plaintiff was in the exercise of due care. Being eleven years old, and not of infirm or inferior faculties, she was sui juris, and responsible for the observance of care; not, however, the care of an adult, but only for a degree of care proper to her age and condition. * * * It is not the contributory act merely, but the contributory negligence of a plaintiff, that defeats his recovery."

As the evidence adduced upon this point was substantially the same at the trial under review as upon the former trial, the foregoing rules should guide us in the disposition of the question under consideration.

Applying these principles to the present case, it is apparent that the jury were warranted in finding by their verdict that the plaintiff was free from negligence. The plaintiff was lawfully in the back yard, reserved by the defendants for the common use of the tenants and their children. She was encouraged to play therein by the representations of defendants' agent, made at the time of the letting, that it was "a nice yard for children to play in." In toying with the stone the plaintiff indulged the natural instincts of a child in amusing herself by playing piano on it, and, as she did not pull the stone over herself, it is a reasonable deduction from the evidence that, by reason of her age and condition, she did not appreciate the dangers by which she was surrounded. The learned trial justice properly left it to the jury to determine whether the plaintiff acted with that degree of prudence which might reasonably be expected, under the circumstances, of a child of her years and condition (Schmidt v. Cook, supra; Earl v. Crouch, supra; Stone v. Railroad Co., 115 N. Y. 104, 21 N. E. 712; Swift v. Railroad Co., 123 N. Y. 645, 25 N. E. 378); and we see no reason for disturbing their determination of the facts in relation to this branch of this case.

The record discloses that other exceptions were taken by the defendants at the trial, but they have not been relied upon on this appeal. At all events, we are satisfied, after a careful examination, that the rulings of the trial justice were in all respects correct. The judgment should therefore be affirmed, with costs. All concur.