the parties concerned as effectual to so greatly lessen the fund, or that the fund was thus placed so far beyond the reach of the defendant's reasonable efforts, when there was only this interested testimony to these circumstances. In either aspect of the case, therefore, there was a question of fact; and it does not appear that the jury's determination of the issue may properly be disturbed, upon the evidence.

No exception was taken to any part of the charge delivered by the trial court, and all further instructions to which the defendant considered himself entitled were given in the form adopted by his numerous requests to charge. If he thought that the charge was misleading, as is now urged, he might have requested further modification; but he appears to have been content with it at the time, and we fail to find that there was any substantial ground for objection. It is said that the question of the counterclaim for the return of the sum paid by defendant under his alleged mistake was not satisfactorily submitted to the jury; but, in view of the finding upon the main issue that the plaintiffs were entitled to the payment of this sum, and more, as a matter of fact, no prejudice could have resulted in this aspect.

The judgment should be affirmed, with costs. All concur.

---

(21 Misc. Rep. 684.)

### TARLER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. November 24, 1897.)

1. COLLISION WITH STREET CAR—CONTRIBUTORY NEGLIGENCE.
   A physician's carriage was drawn up close to the curb, but so near to the track of a street railway as to barely permit a car to pass if the carriage remained motionless. He entered the carriage and took up the reins, when a car approaching from behind collided with the carriage. *Held*, even assuming that there may have been some slight motion of the carriage, that he was not guilty of contributory negligence.

2. SAME.
   It is not merely the contributory act, but the contributory negligence, of a plaintiff, which defeats his right to redress for an injury.

Appeal from Fifth district court.

Action by Sigmund Tarler against the Metropolitan Street-Railway Company. From a judgment of a justice, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Daniel W. Patterson and Theodore H. Lord, for appellant.
Nicholas Aleinikoff, for respondent.

BISCHOFF, J. Plaintiff, a physician, left his carriage in charge of his servant, and drawn up to the sidewalk, at a point where the defendant's street-car tracks ran parallel to the curb, but so close to it as to leave a very slight space, if any, between the vehicle, as so placed, and any car proceeding along the track. The servant was required to wait some 15 minutes, for the plaintiff's conclusion of a professional visit;

and while thus waiting he had been called upon by the drivers of two of the defendant's cars to move the carriage from its position, in order that the cars might pass.    On these occasions he drove around the corner of the adjacent street, and then returned, drawing up the vehicle against the curb, as noted.    When the plaintiff returned to the carriage, he observed the street car which afterwards caused the damage approaching from the rear, and then some distance away.    Having entered the vehicle, and seated himself beside his servant, he took the reins, and prepared to start, when a collision, which acceptable evidence shows to have been very violent, was brought about by the continued progress of this car.    This appeal proceeds solely upon the ground that the plaintiff's negligence contributed to the injury;    the contention being based upon the evidence of one of the plaintiff's witnesses that the carriage was struck by the "middle of the car," from which fact it is argued that some movement of the carriage must have caused the contact, without which movement no collision could have occurred, since the car's progress was limited to a straight line at this point, maintained with safety for half of its length.    Granting the fact that, had the plaintiff's vehicle remained stationary, the car might have passed it, and still the recovery was authorized.    It is apparent that the space intervening the carriage and the car upon this track, when the carriage was drawn close to the curb, was very small; this being inferable from the refusal of the drivers of the preceding cars to attempt the passage under the same circumstances, and also from the fact that a slight movement of the carriage before it had actually started sufficed to precipitate the present accident.    It is not merely the contributory act, but the contributory negligence, of a plaintiff, which defeats his right to redress for the injury.    Schmidt v. Cook (Com. Pl.) 23 N. Y. Supp. 799. And to say that this plaintiff was negligent in failing to keep his horse absolutely motionless, when he had no knowledge that the car was close upon him, would be to hold him to all the consequences of the car driver's rash experiment.    It must have been obvious to the driver that some movement of the carriage was to be expected when the plaintiff entered it for the purpose of leaving the place; yet, approaching from the rear, and without sound or warning, the car was suffered to proceed to the point where any change of the position of the carriage must result in a violent collision.    Here was a disregard of the duty owing from the defendant to the plaintiff, which the latter was not called upon to foresee, and which was the sole cause of the injury, from the legal standpoint of responsibility.    Anselment v. Daniell, 4 Misc. Rep. 144, 23 N. Y. Supp. 875.

Judgment affirmed, with costs.    All concur.