[No. 1987.]

.KOPPLEKOM ET AL. v. THE COLORADO CEMENT PIPE COMPANY.

1. NEGLIGENCE—PLEADING.

A complaint which alleged in substance that defendant, a manufacturer of cement pipe, stored large quantities of the pipe upon certain lots in a thickly populated part of the city adjoining and in constant view of the public streets and without any fence or guard dividing the lots from the streets; that amongst the pipe so stored was one piece four and a half feet in diameter and two feet long, weighing from five to seven hundred pounds left lying upon its side in such manner that it could be rolled easily over the surface, and that by reason of its great diameter, short length and excessive weight it was easily turned from side to end; that the piping was attractive and a temptation for children to play therewith and that children did frequently play with it, which defendant well knew; that plaintiffs' child, with others, all of whom were too young to appreciate the· ·danger, was playing with said short, heavy piece, rolling it over the

surface, plaintiffs' child being on the inside, when the pipe suddenly turned from its side to its end and caught and killed the child, states a cause of action and it was error to sustain a demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action.

2. NEGLIGENCE—DANGEROUS PREMISES.

If an owner keeps upon his premises something that is an attraction and allurement to the natural instincts of childhood, the law imposes upon him the corresponding duty to take reasonable precaution to prevent the intrusion of children, or to protect from personal injury such as may be attracted thereby.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—CHILDREN.

In applying the rule that he who seeks to recover damages for a personal injury suffered from the negligence of another, must not himself be guilty of negligence that substantially contributed to the result, the law discriminates between children and adults, the feeble and the strong, and only requires of each the exercise of that degree of care to be reasonably expected in view of his age and condition.

4. SAME.

It is not the contributory act merely, but the contributory negligence of a plaintiff that will prevent his recovery, and the care and caution required of a child being according to its maturity and capacity only, this must be dependent upon and determined by the circumstances of each particular case.

*Error to the District Court of Arapahoe County.*

Mr. C. M. KENDALL, Mr. T. E. WATTERS and Mr. WIN WYLIE, for plaintiffs in error.

No appearance for defendant in error.

WILSON, P. J.

This suit was brought to recover damages on account of the death of a minor child of the plaintiffs, alleged to have been caused through the negligence of the defendant company. A demurrer was interposed to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action, and this being sustained, the plaintiffs stood upon their complaint, and brought the case here for review,

The complaint substantially alleges that the defendant in the prosecution of its business as a manufacturer of cement pipe, was possessed of certain lots or parcels of land in a thickly populated portion of the city of Denver, and upon a portion thereof had stored a large quantity of cement piping; that said parcel of land adjoined the public streets, and there was no fence or guard dividing the same therefrom, and that the same, and the piping stored thereon, was in constant view from the street; that among the pieces of piping so exposed, and near to the public highway, was one of the diameter of four and one half feet, only two feet in length, and of the weight of from five hundred to seven hundred pounds; that said piece was at the time of the accident, and for a long time previous thereto had been, lying on its side in such manner that it could be rolled easily over the surface of the ground, and that by reason of its great diameter, excessive weight, and short length, was, when so lying, top-heavy, and easily turned from its side to its end; and that the piping so exposed was a temptation to children who had not arrived at years of discretion and judgment, to play therewith, and that children did frequently play with it; and that it was by reason of the facts stated, a dangerous instrument, all of which the defendant well knew; that upon the date of the accident in question, while the child of plaintiffs, in company with eight or ten others, all residing in the immediate neighorhood, and all too young to realize the danger that they incurred, was playing with this short and heavy piece of piping, the son of plaintiffs being inside of the piping and being rolled over the surface by the other children, the piping suddenly fell from its side to its end, catching his body underneath, and inflicting injuries which caused almost immediate death.

The defendant making no appearance, we have not been favored by its counsel with their views as to the particular defects in the complaint which in their opinion render it insufficient. Whether they claim it to have appeared upon the face of the complaint that the plaintiffs did not have a cause of action, or that it failed to state some matter neces-

sary to have been stated in order to have constituted a cause of action, we are not advised. We have made as thorough an examination of the complaint as we could without the critical assistance of counsel, and in our opinion it does state a cause of action, and was not subject to demurrer on the general ground of its insufficiency. That the plaintiffs would have a right to recover if the allegations of the complaint be accepted as true, or should be sustained upon trial, is we think without question. The case comes clearly within the principles laid down by the United States supreme court in the "turntable" case, which has been universally accepted as authority. *Railroad Co. v. Stout,* 17 Wall. 657. A few of the well considered and leading cases which have affirmed and followed the doctrine there announced, are: *Railway Co. v. McDonald,* 152 U. S. 262; *Powers v. Harlow,* 53 Mich. 507; *Brinkley Car Co. v. Cooper,* 60 Ark. 545; *Biggs v. Wire Co.,* 60 Kan. 217; *Schmidt v. Cook,* 23 N. Y. Supp. 799; *Keffe v. Railway,* 21 Minn. 207; Cooley on Torts, c. 10, p. 303. The complaint alleges the danger in leaving the piping exposed as it was, and in fact it may be said, as was said in the turntable case, the fact of the fatal injuries being received therefrom by the son of the plaintiffs in this case, shows the danger. It also alleges that this unprotected exposure was a temptation to children of immature years to play with the piping, and that defendant knew this to be the case, and knew that the young children of the neighborhood were in the habit of playing with it. By these averments the complaint charged negligence upon the part of the defendant sufficient, if true, to support a recovery by plaintiffs in accordance with the rule announced by Circuit Judge Dillon in the *Stout* case in his charge to the jury, which was expressly approved by the supreme court on appeal. He said, "But if the defendants did know or had good reason to believe, under the circumstances of the case, that the children of the place would resort to the turntable to play, and that if they did they would or might be injured, then if they took no means to keep the children away, and no means to prevent

accidents, they would be guilty of negligence, and would be answerable for damages caused to children by such negligence."

If it be said that the complaint itself shows that the piping was upon private premises, that the children were trespassers, and that they were not upon the land by invitation or consent of defendant, it may be answered, as it was by Chief Justice Cooley in *Powers v. Harlow, supra*, and approved by all of the authorities that we have cited, "Children, wherever they go, must be expected to act upon childish instincts and impulses, and others who are chargeable with a duty of care and caution towards them must calculate upon this, and take precautions accordingly. If they leave exposed to the observation of children anything which would be tempting to them, and which they in their immature judgment might naturally suppose they were at liberty to handle or play with, they should expect that liberty to be taken." Or as was tersely and pithily expressed in the Minnesota case, "What an express invitation would be to an adult, the temptation of an attractive plaything is to a child of tender years." Or as was forcibly said by the Kansas supreme court in *Price v. Water Co.*, 58 Kan. 551, "To maintain upon one's property enticements to the ignorant or unwary is tantamount to an invitation to visit, and to inspect and enjoy; and in such cases the obligation to endeavor to protect from the dangers of the seductive instrument or place follows as justly as though the invitation had been express."

If an owner sees fit to keep on his premises something that is an attraction and allurement to the natural instincts of childhood, the law, it is well settled, imposes upon him the corresponding duty to take reasonable precautions to prevent the intrusion of children, or to protect from personal injury such as may be attracted thereby.

The case of *Schmidt v. Cook, supra*, was very similar to this. In that, the child was injured by the falling of a flagstone, which was leaning against a fence, and with and about which she was playing. It was contended that the com-

plaint should have been dismissed, on account of the contributory negligence of the child, because it was her own act that caused the rock to fall. The court held that the contention was contrary to the principle announced in the turntable case.

Contributory negligence sufficient to defeat a recovery does not appear from the facts stated in the complaint. It might, it is true, be made to appear by the evidence at the trial, it being shown that the child was possessed of sufficient judgment and discretion to have realized the danger of playing with the piping in the manner in which it did, but that question is not presented here.

In applying the rule that he who seeks to recover damages for a personal injury suffered from the negligence of another, must not himself be guilty of negligence that substantially contributed to the result, the law discriminates between children and adults, the feeble and the strong, and only requires of each the exercise of that degree of care to be reasonably expected in view of his age and condition. *Reynolds v. Railroad*, 58 N. Y. 248; *Railway Co. v. McDonald, supra.* It is not the contributory act merely, but the contributory negligence of a plaintiff that will prevent his recovery, and the care and caution required of a child being according to its maturity and capacity only, this must be dependent upon and be determined by the circumstances of each particular case. *Schmidt v. Cook, supra; Railroad Co. v. Stout, supra.*

Another leading case cited approvingly by the United States supreme court upon the question as to liability for injuries suffered by a child, even when it was a trespasser, is *Lynch v. Nurdin*, 41 Eng. Com. L. R. 422.

We think that we have said all that is necessary to express our views plainly and in such a manner that they may be easily understood, upon the only question presented. The principles upon which we base them have been most elaborately discussed in the authorities which we have cited. For the reasons given, the judgment will be reversed, and the cause remanded, with leave to the defendant to further plead, as it may be advised.

*Reversed.*