JOHN SARAPIN, an Infant, by BENEDICT SARAPIN, His Guardian ad Litem, Appellant, *v.* S. & S. CORRUGATED PAPER MACHINERY COMPANY, INC., Respondent.

Second Department, May 16, 1924.

Nuisances — action for injuries suffered by boy who, while playing on machine in back yard, fell therefrom and injured his hip — machine was placed in back yard of tenement house in which plaintiff lived by defendant who had knowledge that children living in tenement house played thereon — plaintiff had right to play in yard and was not trespasser on machine — question for jury whether defendant should have anticipated that condition created would be dangerous to children — consent of landlord to placing of machine in yard does not relieve defendant from liability.

In an action by a boy seven years of age, to recover damages for injuries suffered when he fell from a machine placed by the defendant in the back yard of the tenement house in which the plaintiff lived and permitted to remain there after the defendant had knowledge that children were playing about and on the machine, *held*, that the plaintiff had the right to play in the yard and that he was not a trespasser in getting upon the machine.

The question as to whether the placing and maintaining of the machine in the yard, entirely unprotected, with knowledge that the children living in the tenement house were accustomed to play in the yard, created a condition which the defendant in the exercise of reasonable care should have anticipated would be dangerous to the children, was for the jury, particularly in view of the testimony by the defendant's president that he had seen children playing in the yard and the evidence that the defendant was notified of the danger before the accident.

The fact that the defendant may have placed the machine in the back yard with the consent of the landlord does not relieve it from liability if it maintained the machine there with knowledge that it created a dangerous condition.

APPEAL by the plaintiff, John Sarapin, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 20th day of November, 1923, upon the dismissal of the complaint at the close of the plaintiff's case.

*Ralph G. Barclay* [*Louis Rothbard* with him on the brief], for the appellant.

*Clarence S. Zipp* [*E. C. Sherwood* with him on the brief], for the respondent.

**378** Sarapin *v.* S. & S. Corrugated Paper Machinery Co., Inc.

Second Department, May, 1924. [Vol. 209

Young, J.:

The infant plaintiff, a boy of seven years, in September, 1921, was living with his parents in an apartment of a tenement house at 171 North Third street, Brooklyn, N. Y. Nos. 171 and 173 were frame buildings, and each had apartments for five families. There was a yard in the rear of said apartment houses, used in common by the tenants for certain purposes. The children of the tenants, including the infant plaintiff, played by right in this common yard. Directly back of this tenement house yard and fronting on North Fourth street was a factory owned and operated by the defendant corporation. The factory had been rebuilt two or three months before the accident, and the defendant then placed two large machines, evidently discarded machines, in the rear of the factory and in the yard of the tenement house. They were not placed on the land of the defendant, but on the land of the owner of the tenement house, the landlord of the infant plaintiff, in the yard of the tenement house.

The machines were seven or eight feet high, and about twenty feet long, and three or four feet wide. The defendant also placed some iron beams on the ground at the side of the machines. On top of at least one of these machines was a cog-wheel about eighteen inches in diameter. The children playing in the yard were attracted to the machines and played upon them. There were frames enabling them to climb to the top of these machines.

On the afternoon in question the infant plaintiff was playing with others, and was on top of one of the machines, when he caught his clothes in the cogs or projections of this wheel, and fell off the machine, striking on the iron beams upon the ground, severely injuring his hip.

There was evidence that defendant knew that children played in the yard, and upon these machines. Mr. Stern, the president of defendant, had seen them doing so before the accident. Prior to the accident the janitress of the tenement house went, on two occasions, to the defendant's factory, and on one of the occasions saw Mr. Stern, the president, and asked him to take the machines away as the children were playing on them and someone would get hurt. He responded that he was going to buy the whole place and build a bigger factory.

Mr. Stern stated on examination by his own attorney that the machines were there with the consent of the owner of the property.

The learned trial court dismissed the complaint at the close of plaintiff's evidence, and from the judgment entered thereupon plaintiff appeals.

There can be no doubt of the right of the children of the tene-

ment house to play in the back yard. There is evidence that they had used the whole of this yard for this purpose for a long time before the accident. It was common ground for the tenants.

This did not, of course, exclude the landlord from all use of the yard, but the use he made of it was bound to be reasonable and with some regard to the use he permitted his tenants to make of it. If he allowed something in the yard which he knew or should have known would be dangerous to the children playing there, then such object would be a nuisance and he would also be negligent in permitting it to remain there. (*Schmidt* v. *Cook*, 12 Misc. Rep. 449; *Johnson* v. *City of New York*, 208 N. Y. 77.)

Nor do I think the children were trespassers in getting upon the machine. It was in the yard where they had a right to play. The situation here is not similar to the many cases where children play with or upon objects located where they have no right to go. It seems to me the principle of the *Johnson* case applies to the situation here presented.

In that case contractors were constructing a sewer in a public street. The trench for this work was about sixteen feet wide at the top, leaving a narrow strip of the roadway on either side not more than six or seven feet wide. The street was barricaded at each end of the block against vehicular traffic, and by signs, indicating that the street was closed, but the sidewalks were kept open for the use of the abutters and their families, and for the children who attended the public school situate in the block. A short distance from the school, at the time in question, there was a pile of sand, placed there during the progress of the work, three feet or more in height, which extended over the walk about two feet and out into the street from five to ten feet, so that the outer margin came to a point within a foot, more or less, of the trench. Plaintiff, a boy twelve years of age, going home from school, went upon this pile of sand, and sat there playing for a time. When he started to leave, he slid down with the sand into the trench and received injuries.

It was held that although the municipality was chargeable with a reasonable degree of care to employ safeguards to prevent wayfarers and others lawfully using this street from being injured, under the circumstances shown, in the absence of evidence showing special danger, the city was not liable.

In the present case, however, we have evidence that the defendant was notified of the danger to children who were playing on the machines. In the *Johnson* case the child injured had a right to use the street, and the court did not regard him as a trespasser in getting on the pile of sand in the street from which he fell into the trench.

In the present case the machine was upon the property which

the child had a right to use, and I think he should not be regarded as a trespasser.

The question presented here is whether placing and maintaining the machine in this yard entirely unprotected, where defendant knew children were accustomed to play, created a condition which defendant in the exercise of reasonable care should have anticipated would be dangerous to the children. This in my judgment was a question of fact for the jury, particularly in view of the testimony of defendant's president that he had seen children playing in the yard, and the evidence that defendant was notified of the danger before the accident. Of course, some things would plainly not be dangerous, but here was a machine, not in any way useful to the premises, with a wheel and cogs upon it and iron beams lay upon the ground at the side of the machine and it was very likely that children in playing would climb upon them, get caught, or trip and fall. The child in fact did fall because his clothing was caught in the cogs and he fell upon the iron beam.

It is argued that the machine was placed upon the property with the landlord's consent, and so there was no trespass on the part of the defendant; that the machine was lawfully there. Still, granting all this, if defendant maintained it with knowledge that it created a dangerous condition, I think the defendant would be liable for an injury caused because of it.

I, therefore, recommend that the judgment be reversed upon the law and a new trial granted, with costs to abide the event.

KELLY, P. J., RICH, JAYCOX and MANNING, JJ., concur.

Judgment reversed on the law and a new trial granted, with costs to abide the event.