HAROLD HARKINS, an Infant under the Age of 14 Years, by His Guardian ad Litem, HAROLD HARKINS, SR., and HAROLD HARKINS, SR., Individually, Appellants, *v.* EAST NEW YORK SAVINGS BANK. Respondent.

Second Department, October 28, 1940.

*Louis B. Heller* [*Coleman Charney* with him on the brief], for the appellants.

*Thomas F. Keane*, for the respondent.

PER CURIAM. The infant-plaintiff, a boy of ten years, was injured when he fell from a movable stairway, which was part of a fire escape on the front of premises owned by defendant. The fire escape platform was even with the windows on the first floor and immediately below the platform was the stairway, which was kept parallel with the platform by a counter-balance weight. There was also an iron rod on the platform, which served as a locking device to prevent the stairway from being lowered to the sidewalk. When the stairway was up it was about ten feet above the sidewalk, and when lowered it encroached four feet on the sidewalk. About seven P. M. on August 28, 1936, plaintiff and another boy approached the building and noticed the end of the stairway resting on the sidewalk. A third boy was sitting on the bottom step. Plaintiff ascended the stairway and when up about half way the boy on the step arose, the stairway raised and plaintiff was precipitated over the stairway rail to the street. He seeks damages for the injuries sustained, and his father sues for expenses and loss of services. Plaintiffs were nonsuited.

There was evidence that for a month prior to the accident the locking device was released and that for months prior to the accident children played on the fire escape and stairway when the stairway was lowered to the sidewalk. As the stairway was resting on the sidewalk where children had a right to play, the infant may not be regarded as a trespasser. (*Hynes* v. *N. Y. C. R. R. Co.*, 231 N. Y. 229; *Sarapin* v. *S. & S. Corrugated Paper Machinery Co., Inc.*, 209 App. Div. 377.) A jury question was presented.

The judgment should be reversed on the law and a new trial granted, with costs to appellants to abide the event.

LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Judgment reversed on the law and a new trial granted, with costs to appellants to abide the event.