JOHN PINGHERO, an Infant, by NICOLA PINGHERO, His Guardian ad Litem, and NICOLA PINGHERO, Appellants, *v.* QUEENS COUNTY SAVINGS BANK, Respondent.

Second Department, December 2, 1940.

*Joseph H. Gellman,* for the appellants.

*Thomas A. Saulsbury,* for the respondent.

TAYLOR, J. This action was brought by the infant plaintiff to recover damages for personal injuries, and by his father for loss of the infant's services and for medical expenses. The complaint was dismissed upon the ground that the same, as supplemented by plaintiffs' opening, does not state facts sufficient to constitute a cause of action.

There is no order dismissing the complaint printed in the record. The appeal in that phase, therefore, must be dismissed.

On April 23, 1940, an order was made permitting plaintiffs to enter the judgment appealed from, without prejudice to their right of appeal.

The infant alone will be referred to as plaintiff.

In substance the complaint alleges: Defendant owned and owns a multiple dwelling at 104-18 Corona avenue, borough of Queens. Plaintiff lived therein as a tenant. In front of the house there was a fire escape of the drop-ladder type. Some time before the date

of the accident, August 30, 1936, defendant " tied and supported said drop ladder with a piece of rope " in such manner that it was less than ten feet above the sidewalk; the said rope was of second-hand, not incombustible, material, contrary to law, and was not approved for fire escapes by the appropriate city departments, and " the customary, usual, approved and required practice " was to secure such a ladder with an iron hook. The manner in which the ladder was tied and secured was contrary to law, statute and city ordinances, and to the requirements of the appropriate city departments. Defendant was negligent in tying and securing the ladder with such rope, which was old and worn and not sufficiently strong; in using material which was " contrary to law," not incombustible and not approved for fire escapes by the appropriate departments of the city; in permitting the drop ladder to be less than ten feet above the sidewalk; in failing to use an iron hook, and in failing properly to secure and fasten the ladder, and " to comply with the statutes, ordinances, rules, regulations and requirements of the authorities."

The ladder, " tied as aforesaid," constituted a nuisance and a menace; was improperly maintained by the defendant in that condition, hung too low and was " within easy reach of the boys in the neighborhood." For some time prior to the date of the accident, boys had been accustomed to " chin, play and swing " on the ladder. Defendant had actual and constructive notice of that custom.

On August 30, 1936, the rope holding the ladder broke while plaintiff was on it. The ladder came down suddenly and plaintiff was thrown to the sidewalk and severely and permanently injured, such injuries having been caused by the negligence of the defendant and by its maintenance of a nuisance, without contributory negligence by plaintiff, to plaintiff's damage in the sum of $25,000.

The same allegations, except as to damage, were repeated in the father's cause of action, supplemented by appropriate allegations as to expenses and loss of services, with a demand for damages in the sum of $10,000.

The opening of plaintiff's counsel to the jury supplemented the complaint with the following statements: At the time of the accident, plaintiff was past twelve years old and was " going on thirteen." An iron hook was provided for the ladder, but, instead of being secured thereby, the ladder was tied to the hook in such a way that the ladder, instead of being ten feet from the ground, which it should have been, according to law, was only seven feet and three inches from the ground, so that it was " very easy for children to jump upon the lower cross bar of this drop ladder,"

which had been tied, in the manner described, by the defendant's superintendent about a year before the accident. " During that time children were continually playing on the drop ladder." If the ladder had been ten feet high children could not have reached it. On the day in question plaintiff " jumped up to chin himself on the ladder, which he had done many times before;" the rope broke, the ladder came down, and plaintiff sustained injuries.

As indicated, upon the complaint and plaintiff's opening, the learned trial justice dismissed the complaint. This was error.

Assuming as true the facts pleaded, as supplemented in the opening, actionable negligence on the part of the defendant appears, for the complaint, as thus supplemented, states facts sufficient to constitute a cause of action. (*McCloskey* v. *Buckley*, 223 N. Y. 187; *Long* v. *City of Dunkirk*, 260 id. 599; *Boylhart* v. *DiMarco & Reimann, Inc.*, 270 id. 217; *Harkins* v. *East New York Savings Bank*, 260 App. Div. 394, and cases therein cited.)

The liability on the part of the defendant, upon the facts thus assumed, resulted from the circumstance that the fire escape and ladder were upon the public highway, and that the same were not of the height above the sidewalk required by the provisions of the Building Code of the municipality, in effect at the time of the accident (Building Code, § 170, subd. 4, ¶ j; now N. Y. City Administrative Code, § C26–219.0, subd. h, with slight variation in language), which required that " Fire escapes * * * when required on the fronts of buildings, may project beyond the building line not more than 4½ feet, but no part of such fire escapes or balconies shall be less than 10 feet above the sidewalk, provided that nothing in this section shall prevent the use of movable ladders or stairs to the sidewalk, so arranged that they are within 10 feet of the sidewalk only when in actual use." This statute was designed to protect the general public and to keep the ladder and fire escape beyond the reach of persons, including playful boys, on the sidewalk. The accident happened on a public highway. If it had happened on private property, where plaintiff had no right to be, he would have been a trespasser. The case is not that of an infant trespasser crossing the boundary line of private property and receiving injuries while playing upon an instrumentality (turntable) thereon. (*Walsh* v. *F. R. R. Co.*, 145 N. Y. 301.) It is rather in the category of the cases above cited and others (*Kunz* v. *City of Troy*, 104 N. Y. 345; *Robertson* v. *Rockland Light & Power Co.*, 187 App. Div. 720), the rulings in which are favorable to the plaintiff here; nor is this case in that class in which the injured plaintiff received injuries while trespassing upon a moving vehicle (*Thibodeau* v. *Gerosa Haulage & Warehouse Corp.*, 252

App. Div. 615; affd., 278 N. Y. 551) or a standing vehicle (*Tierney v. New York Dugan Brothers, Inc.,* 260 App. Div. 882), in each of which cases the injured plaintiff was a trespasser.

The judgment dismissing the complaint should be reversed on the law and a new trial granted, with costs to appellants to abide the event.

The appeal from the order should be dismissed, without costs.

LAZANSKY, P. J., JOHNSTON, ADEL and CLOSE, JJ., concur.

Judgment dismissing the complaint reversed on the law and a new trial granted, with costs to appellants to abide the event.

The appeal from the order dismissing the complaint is dismissed, without costs.